935 A.2d 757

IN THE MATTER OF LINDA M. SERRANO,
AN ATTORNEY AT LAW.

October 24, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–061, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **LINDA M. SERRANO** of **UNION,** who was admitted to the bar of this State in 1992, and who has been temporarily suspended from the practice of law since April 6, 2006, should be suspended from the practice of law for a period of eighteen months retroactive to the date of her interim suspension, based on respondent's guilty plea to a federal information charging her with making a false statement to a federal agency, in violation of 18 *U.S.C.A.* § 1001 and 2, conduct in violation of *RPC* 8.4(b)(committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And respondent having been ordered to show cause why she should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **LINDA M. SERRANO** is suspended from the j practice of law for a period of eighteen months, retroactive to April 6, 2006, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.